**FE'A of Iliili, Plaintiff**

v.

**SISIPENI of Iliili, Defendant**

No. 16-1963

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Lepipi" near Ili'ili]

April 30, 1963

ARTHUR A. MORROW, *Chief Justice;* MALEPEAI, *Associate Judge;* and TAUALA, *Associate Judge.*

Suapilimai, Counsel for Fe'a.
Lolo, Counsel for Sisipeni.

### OPINION OF THE COURT

MORROW, *Chief Justice.*

Sisipeni made application to the Registrar of Titles to have certain land named Lepipi, which is located near the Village of Iliili, registered as her individually owned property. A survey of the land, 5.42 acres in size, accompanied the application. Fe'a of Iliili filed an objection to the proposed registration claiming that Lepipi was the communal family land of the Fe'a Family of Iliili. This litigation arises out of these conflicting claims. See Sec.

10.0112 of the Code of American Samoa, 1961 Edition. Prior to the hearing the Court viewed the land in the presence of the parties.

Sisipeni claims to have derived title to the land as follows: About 1902 shortly after the establishment of the Government, her father Peniata, who held a pastorate in Tafuna, went to Iliili to rest for about a year. While he was resting, the then High Chief Letuli, according to Sisipeni's claim, gave him the land as his individually owned property. At the time of the alleged gift, the land had never been cleared and was virgin bush. Sisipeni claims that her father and mother then went to the land, cleared it, and put in plantations on it. Peniata died about 1930. Sisipeni was his only child. She claims to have inherited the land from her father. She makes her home in Malaeloa in her mother's family.

The Court saw some scattered long coconut trees growing on the land when it viewed it before the hearing. They are high and obviously quite old. If the land ever was well cleared, it has for all practical purposes (with the exceptions of the few coconuts) reverted to the bush, as the Court could see.

Peniata was a member of the Fe'a Family and was living in the Fe'a Family when Letuli made the alleged gift of the land to him. Peniata was also a member of the Letuli Family. The Fe'a title is a lesser matai title in the Letuli Family.

 Both Letuli and Peniata have been dead for many years. Neither could testify as to the supposed gift. All we have is hearsay testimony of Sisipeni and her mother. Sisipeni had not been born when the supposed gift was made. She was born in 1904. Faasapa, the wife of Peniata and mother of Sisipeni, says that she was told of the supposed gift by Peniata. Most hearsay testimony is excluded by courts, not only because of its unreliability, but also be-

cause there is no opportunity to cross examine with respect to the matter related. Furthermore, anybody can testify in Court that a dead person told him so and so privately and there is no practical way to refute it, even though it is false. Here both parties to the supposed transaction, viz.: Peniata and Letuli, the only persons who had first-hand knowledge as to whether or not there was such a gift, have, as we have said, been dead for many years.

■ However, this supposed gift of the land by Letuli to Peniata was void, even if it did in fact occur. The Native Lands Regulation of 1900 enacted on April 30, 1900 by Commander B. F. Tilley, U.S.N., Commandant, provided that "From and after the coming into force of this Regulation the alienation of native lands within the jurisdiction of the United States Naval Station, Tutuila, is prohibited." The whole of Tutuila was included in the Naval Station. This regulation was enacted by the Commandant just 13 days after the U.S. Flag was raised at Fagatogo. It was in force in 1902 when Sisipeni claimed Letuli made the gift to Peniata.

■ "Alienate" means to transfer title or to convey. Black's Law Dictionary, 4th Ed., defines "Alienate" as "To convey; to transfer the title to property." Since the April 30, 1900 regulation prohibited the alienation of native land, it follows that the gift of Lepipi by Letuli to Peniata, assuming it was made, was absolutely void. The regulation was entitled a *"Regulation to prohibit the alienation of native land in Tutuila and Manua."* A gift involves the transfer of title from one person to another.

■■ This Court has held many times that Samoans acquired title to their lands through first occupancy coupled with a claim of ownership. *Soliai v. Lagafua,* No. 5-1949 (H.C. of Am. S.) ; *Faataliga v. Fano,* No. 80-1948 (H.C. of Am. S.) ; *Gi v. Te'o,* No. 35-1961 (H.C. of Am. S.). This

doctrine of the acquisition of title through first occupancy coupled with a claim of ownership is approved in Maine's Ancient Law (3rd Am. Ed.) 238. See also 2 Blackstone 8. There was no satisfactory proof that Letuli owned the virgin bush so that he could make a gift of it. A man cannot give away what he does not own.

Fe'a claims that members of the Fe'a Family together with Peniata, who was unquestionably a member of the Fe'a Family, occupied the land, cleared it from the virgin bush and put in plantations on it, claiming it as the communal land of the Fe'a Family, and that the Fe'a Family thereby became its owner. The testimony for Sisipeni was to the effect that Peniata and Faasapa, her father and mother, alone cleared the land from the virgin bush, occupied it, and put in plantations on it, claiming it as Peniata's individually owned land. The testimony for Fe'a was to the effect that Fe'a Family members, including Peniata, a Fe'a Family member who was living in the Fe'a Family at the time, cleared the land from the virgin bush, occupied it, and put in the plantations, and claimed it as communal family land of the Fe'a Family.

It is our conclusion that the weight of the evidence, both direct and circumstantial, indicates that the Fe'a Family members, including family member Peniata, cleared the land from the virgin bush, occupied it, put in plantations, and claimed it as the communal family land of the Fe'a Family. The claimed gift of the land by Letuli to Peniata meant nothing, since if there was any such gift, it was void because of the above April 30, 1900 regulation prohibiting alienation of native land; not only that, but it was void also if Letuli did not own the property, and there was no satisfactory proof that he did.

The Fe'a Family have been getting the copra from the coconut trees planted on the land for many years, although it is true that Peniata did get coconuts from the

land occasionally after he left Iliili in 1908 and that Sisipeni has gotten coconuts at various times from the land. However, this is quite consistent with its being Fe'a Family land since Peniata was a Fe'a man and Sisipeni is a Fe'a woman. Fe'a filed a war damage claim on the land. Sisipeni did not. Query: If Sisipeni claimed to own the land, why didn't she file a claim as other landowners did? The surveyed land comprises 5.42 acres. That a pastor and his little wife (Faasapa is a small woman) cleared 5.42 acres of virgin bush with big trees on it back in 1902 and shortly thereafter, while he was the village pastor, without other Fe'a Family members participating in the clearing, seems highly improbable since there were a lot of big trees and a lot more smaller trees on the 5.42 acres, an area of considerable size. The custom (and the court knows the custom) was for members of a Samoan Family to clear land together and then claim it as the communal family land of the family. That is why almost all of the cleared land (except government owned land) in Samoa is communal. Individually owned land is a rarity. The way of life of the Samoans is communal.

Despite the conflicting testimony, it is our conclusion that the weight of evidence is to the effect that the land involved is the communal family land of the Fe'a Family. Leituala and Suapilimai are matais in the Fe'a Family, and, as we have said, the Fe'a title is a lesser matai title in the Letuli Family.

However, we wish to point out that Sisipeni being a member of the Fe'a Family has the same rights with respect to the land that other members of the Fe'a Family have. Fe'a assured the Court that she had the right to live on the land and use it.

DECREE

Accordingly, it is ORDERED, ADJUDGED AND DECREED that the land Lepipi, as shown on the survey ac-

companying the application to register the land, shall be registered as the family owned communal land of the Fe'a Family of the Village of Iliili.

Costs in the sum of $18.75 are hereby assessed against Fe'a, the same to be paid within 30 days.

Sisipeni paid for the survey. The benefits of the money she paid for it are accruing to the Fe'a Family since the land is being registered in its name. It is considered just, therefore, that Fe'a should pay the costs.